11-5170
Ameti v. Holder

BIA
A071 495 694
A071 495 695
A071 495 697
A071 495 698

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of October, two thousand thirteen.

PRESENT:
> ROBERT D. SACK,
> PETER W. HALL,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

_____

BESIM AMETI, SHGIPE AMETI,
BESART AMETI, MERGIM AMEIT,
> *Petitioner,*

v.                                                    11-5170
                                                      NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Michael P. DiRaimondo, Melville, New York.

FOR RESPONDENT:          Stuart F. Delery, Acting Assistant Attorney General; William C.

Peachey, Assistant Director; Matthew
A. Spurlock, Trial Attorney, Office
of Immigration Litigation, Civil
Division, United States Department
of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Besim Ameti, Shgipe Ameti, Besart Ameti, and Mergim Ameti, natives of the former Yugoslavia and citizens of Macedonia, seek review of a November 21, 2011, order of the BIA denying their motion to reopen. *In re Besim Ameti, Shgipe Ameti, Besart Ameti, Mergim Ameti*, Nos. A071 495 694/695/697/698 (B.I.A. Nov. 21, 2011). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (per curiam). A petitioner may file only one motion to reopen, and that motion must be filed within 90 days of the date the final administrative decision was rendered, 8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.2(c)(2). Here, the BIA did not abuse its discretion in denying Petitioners' 2011 motion to reopen as untimely and number-barred because the BIA issued its final order of deportation in 2001, and the 2011 motion to reopen was the Petitioners' third such motion. *See* 8 U.S.C. § 1229a(c)(7)(A)(C)(i); *see also* 8 C.F.R. § 1003.2(c)(2).

Furthermore, contrary to Petitioners' assertion, the BIA did not abuse its discretion in denying their motion for failure to comply with the governing regulatory requirements because their motion was not supported with a new asylum application. *See* 8 C.F.R. § 1003.2(c)(1).

Moreover, the evidence of changed conditions in Macedonia submitted with Petitioners' motion to reopen, an affidavit by Balkan history professor Dr. Bernd Fischer, was insufficient to establish materially changed conditions in Macedonia since the time of their 1995 merits hearing.

2

See Matter of S-Y-G-, 24 I. & N. Dec. 247, 253 (BIA 2007) ("[I]n determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the BIA] compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below."); *accord* 8 C.F.R. § 1003.2(c)(3)(ii). The BIA considered Dr. Fischer's affidavit, and it reasonably concluded that ethnic tensions have been ongoing throughout the history of the region and do not appear to have materially worsened in recent years.

Petitioners' contention that the BIA violated their due process rights by "fail[ing] to analyze the record as a whole" is not supported by the record because the BIA considered the evidence they submitted of changed conditions in Macedonia and provided adequate findings regarding that evidence. *See Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007) ("[t]o establish a violation of due process, an alien must show that []he was denied a full and fair opportunity to present [his] claims or that the IJ or BIA otherwise deprived [him] of fundamental fairness" (internal quotation marks omitted)). To the extent Petitioners argue that the BIA is "systematically denying" motions to reopen by "not considering the evidence cumulatively," they have provided no evidence to support this claim.
*See INS v. Phinpathya*, 464 U.S. 183, 188 n. 6 (1984) (statements of counsel in a brief are not evidence). Finally, Petitioners argument that the BIA erred by failing to grant their request for humanitarian relief is without merit as the BIA properly determined that it retains authority to grant only those forms of relief that are expressly authorized by Congress and delegated by the Attorney General, which does not include the power to grant equitable remedies or general humanitarian relief.
*See Beharry v. Ashcroft,* 329 F.3d 51, 59 (2d Cir. 2003) (citing *Matter of Medina,* 19 I. & N. Dec. 734, 741-42, 746 (BIA 1988)).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3